Cynthia Bledsoe
92 Corporate Park, #100
Irvine, CA 92606
Phone: 302-260-4024
Email: cynthiarenee@msn.com
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA BLEDSOE,<br><br>Plaintiff,<br><br>v.<br><br>CACH, LLC,<br>PAUL A. LARKINS<br><br>Defendants. | CASE NO.:<br><br>SACV 13 - 00175 UA (DUTYx)<br><br>FDCPA AND FRAUD COMPLAINT.<br><br>DEMAND FOR JURY TRIAL. |

## COMPLAINT

Plaintiff, Cynthia Bledsoe, individually, hereby sues Defendants, Cach, LLC and Paul A. Larkins. for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692(e)(2), 1692f, 1692(f)(1) and 15 U.S.C. § 1692g(b).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692(e)(2), § 1692f, and § 1692g(b).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendants, and intends to propound discovery to Defendants identifying these violations.

Page | 1

3. Plaintiff sent numerous debt verification to Defendants asking for evidence of any issued of credit or money lent. Defendants ignored the request and continued to enforce the collection activities.

4. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged debt which does not belong to Plaintiff.

5. Plaintiff contents that the Defendants have violated such laws by continuing to collect a debt without first verifying it

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(p) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transacts business here, and the conduct complained of occurred here.

## PARTIES

8. Plaintiff, Cynthia Bledsoe, is a natural person and is a resident of the State of California.

9. Upon information and belief Defendants, Cach, LLC et. al. are authorized to do business in California.

## FACTUAL ALLEGATIONS

10. Defendants never lent any money to Plaintiff and Plaintiff believes there is no evidence to the contrary.

11. Plaintiff never signed a Note or Contract, exhibiting all the necessary requirements of a contract by operation of law for the debt allegedly owed to the Defendants and Plaintiff believes there is no evidence to the contrary.

12. Defendants have failed to disclose origin of any loan or money lent and Plaintiff believes there is no evidence to the contrary.

13. Defendants have failed to disclose history or provenance of any loan or money lent and Plaintiff believes there is no evidence to the contrary.

14. Defendants have never produced evidence that they loaned United States Dollars as required by Federal Law and United States Treasury Regulations. This failure or omission or even negligent behavior is an illegal act. Plaintiff never saw any money and is unaware of any

contract for loan proceeds that exists between Plaintiff and Defendants and Plaintiff believes there is no evidence to the contrary.

15. On January 11th, 2013, Plaintiff sent a first request, asking Defendants to verify the alleged debt via USPS certified mail number # 7008 2810 0001 7994 6882. Defendants received such request and ignored Plaintiff and the law. See Exhibit P1.

16. On January 18th, 2013, Plaintiff sent a second request, asking Defendants to verify the alleged debt via USPS certified mail number # 7012 2210 0001 9023 0341. Defendants received such request and ignored Plaintiff and the law. See Exhibit P2.

17. On January 28th, 2013, Plaintiff sent a third request, asking Defendants to verify the alleged debt via USPS certified mail number # 7008 2810 0001 7995 6133. Defendants received such request and ignored Plaintiff and the law. See Exhibit P3.

18. Defendants received three requests for validation of debt, see Exhibit P1. Defendants ignored the request and continued the collection activities in suing Plaintiff in state court. Defendant has violated 15 U.S.C. §1692.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS, CACH, LLC ET. AL.

19. Plaintiff alleges and incorporates the information in paragraphs 1 through 18.

20. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

21. Defendants, Cach, LLC et. al. are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

22. Defendant, Paul A. Larkins is the Chief Executive Officer of Cach, LLC. who is in charged of the daily collection activities of Cach, LLC. Defendant knew the law and allowed his employees to undermine and violate the law, causing a breach in his fiduciary duties to the company.

23. Defendants violated the FDCPA statute. Defendants' violations include, but are not limited to, the following:

    (a) Defendants violated 15 U.S.C. §1692e(2) by falsifying the character, amount and legal status of the alleged debt.

(b) Defendants violated 15 U.S.C. §1692f by conducting an unfair and unconscionable means to collect or attempt to collect the alleged debt that does not belong to consumer.

(c) Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) without an expressly authorized agreement creating the debt or as permitted by law.

(d) Defendants continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants, Cach, LLC et. al., for statutory damages, punitive damages, actual damages that would include any adverse ruling in state court, and attorney's fees and costs, pursuant to 15 U.S.C. § 1692.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 1st of February, 2013.

*/s/ Cynthia Bledsoe*

Cynthia Bledsoe
92 Corporate Park, #100
Irvine, CA 92606
Phone: 302-260-4024
Plaintiff, Pro Se

Exhibit P1

Cynthia Bledsoe
92 Corporate Park, #100
Irvine, CA 92606

## DEMAND FOR VALIDATION OF DEPOSIT OF ALLEGED LOAN/CREDIT TO CURE DEFECT IN CLAIM / SETTLEMENT OFFER
1 February 2013

NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

### 3rd DEMAND WRITING

To:
    Mr. Nathaniel Clark, Esq
    c/o Mandarich Law Group
    6301 Owensmouth Avenue – Suite 850
    Woodland Hills, CA 91367

Re:    Demand to Cure Defect in Plaintiff's Claim

Ref.:   CACH, LLC vs. CYNTHIA BLEDSOE
      Superior Court of the State of CA, County of Orange, Case No. 30-2011-00471915

Dear Mr. Clark,

This is my third attempt in communicating with you.

I demand PROOF/EVIDENCE Plaintiff made a "loan" or "issued credit" from its own assets to me establishing itself as a "Creditor." Your client's claim is **defective on its face as I know no such proof/evidence exists.**

I look forward to receiving a Declaration in Lieu of Personal Testimony or any Declaration filed into the courts and signed by you under **Penalty of Perjury.** Should you choose to sign such a document, please take NOTICE you will be committing PERJURY as no such proof/evidence exists.

**WITH THIS WRITING, I GIVE NOTICE AND DEMAND PROOF OF PLAINTIFF'S ACCOUNT THAT FUNDED / ORIGINATED THE ALLEGED "LOAN" OR "ISSUED CREDIT" AND CURE THE DEFECT THAT EXISITS IN YOUR CLAIM.** Please be sure to sign your response under pains and penalties of perjury (28 U.S.C. § 1746).

Your continued failure, refusal, neglect and/or silence[1] to cure the existing defect and my proof you have not answered my requests, could be construed as proof by a Jury the Plaintiff NEVER "Issued Credit" especially after multiple demands that I will be delivering to you. **By not curing the defect, the Plaintiff can have NO LEGAL STANDING to sue, ASIDE FROM A POSSIBLE "FRAUD IN THE FACTUM AND/OR ACTS OF EXTORTION."** Furthermore, you are attempting to collect a debt where there is NO PROOF of a "loan" or "Issued Credit" and your ONLY EVIDENCE is that of an account stated! "An account stated cannot create liability where NONE exists." *Trafton v. Youngblood (1968) 69 Cal.2d 17, 26.*

You and/or Plaintiff can choose to EITHER provide this proof/evidence now OR at trail in front of a Jury where you and your witness will be called and asked, under **Penalty of Perjury,** to show on and for the record WHERE in the stack of your alleged evidence you can demonstrate proof Plaintiff provided its own consideration to fund the "issued credit" and be a "creditor."

---

**Exhibit P1**

I am enclosing the below settlement offer, as I assert CACH, LLC never made a "loan" or "issued credit" or lent any of its own assets to me, you have no proof to contrary and you will soon fall silence[1] to my demand.

**SETTLEMENT OFFER:**

Send a money order or bank draft, or certified check, for my receiving at the herewith top and prominently displayed address, payable to CYNTHIA BLEDSOE.
   a. The amount you send should equal recoupment sum certain USD $1000.00 for my time in document preparation (with no court filing fees yet) in response to your organization filing the complaint, AND
   b. File with the courts an immediate REQUEST FOR DISMISSAL, AND
   c. Removing any derogatory information you may have reported with all credit Bureaus.

**I AM WILLING TO RELEASE ANY AND ALL CLAIMS REGARDING YOUR INSTITUTION, PAST, PRESENT, AND FUTURE** without your institution's / organization's having admitted wrongdoing, **FURTHERMORE LET MY SIGNATURE BELOW SERVE AS MY FULL AGREEMENT TO CONFIDENTIALITY WITH REGARDS TO YOUR CLAIM, UPON DEPOSIT OF SAID RECOUPMENT FUNDS.**

There will be NO NEED FOR:
   a. Public disclosure that CACH, LLC provided no "loan" or "issued credit" and is possibly committing acts of extortion;
   b. Year-2013 precedents that others can use;
   c. Added cost of litigation;
   d. Awarded Punitive Damages for willful acts (three to five times the settlement amount), **UNLESS YOUR ORGANIZATION REJECTS MY SETTLEMENT OFFER.**

Foundationally, each writing I send you builds upon the most recent writing. In a court of law you will be required to meet proof with proof; if you do not, I win…and as Plaintiff you carry the burden to establish standing. *Novastar Mortgage, Inc v. Snyder 3:07CV480 (2008).*

**DEFAULT:**

You have 10-days (ten) to respond to my demand. Failure to produce this document evidencing your account number that funded/originated the alleged "loan" or "issued credit" you allege will be taken as an administrative default, exhausting your remedy/ies, if any, under the Administrative Procedures Act of 1946. Absent the document requested, anyone would have little choice but to conclude that your position constitutes of mere theory and possibility rather than fact; a possible "fraud in the factum and/ or act of extortion".

**My intensions are to lessen your organization's costs by avoiding trial and punitive award for damages by a Jury for willful acts.**

I sign this **DEMAND** on 1 February 2013, and swear that the statements I made are true and correct under the pains and penalties of perjury under the laws of the United States of America and the Laws of the State of California. *28 U.S.C. § 1746, 1.*

Best regards,

*[signature]*

Cynthia Bledsoe

---

[1] Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading. *U.S. v. Tweel, 550 F.2d 297 (1977).*